# EXHIBIT I

**In the Matter Of:**

Cedars-Sinai Medical Center vs AIG Specialty Ins.

2:24-cv-02543-SRM-RAO

---

**STELLA CHEN**

*June 16, 2026*

---

*Confidential*

ESQUIRE
DEPOSITION SOLUTIONS
800.211.DEPO (3376)
EsquireSolutions.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDARS-SINAI MEDICAL CENTER, a California nonprofit public benefit corporation, | |
| Plaintiff, | |
| vs. | Case No. 2:24-cv-02543-SRM-RAO |
| AIG SPECIALTY INSURANCE COMPANY, an Illinois corporation; and IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona corporation, | |
| Defendants. | |

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF STELLA CHEN

LOS ANGELES, CALIFORNIA

TUESDAY, JUNE 16, 2026

10:01 A.M.

FILE NO. J14862169
REPORTED BY LEESA DURRANT, CSR NO. 11899, RPR

VIDEOTAPED DEPOSITION OF STELLA CHEN taken on behalf of Defendant, at 10:01 a.m., Tuesday, June 16, 2026, at 601 South Figueroa Street, 25th Floor, Los Angeles, California, before Leesa Durrant, Certified Shorthand Reporter No. 11899 of the State of California, pursuant to Notice.

APPEARANCES OF COUNSEL:

FOR PLAINTIFF:

PILLSBURY WINTHROP SHAW PITTMAN LLP
BY: KIRSTEN C. JACKSON, ESQ.
725 SOUTH FIGUEROA STREET
36TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5524
(213) 488-7224
kirsten.jackson@pillsburylaw.com

FOR DEFENDANTS AIG SPECIALTY INSURANCE COMPANY:

DENTONS US LLP
BY: NATALIE LIMBER, ESQ.
LEANNA M. ANDERSON, ESQ.
DOMINICK JAFFE, ESQ.
601 SOUTH FIGUEROA STREET
SUITE 2500
LOS ANGELES, CALIFORNIA 90017
(213) 623-9300
natalie.limber@dentons.com
leanna.anderson@dentons.com

(CONTINUED)

APPEARANCES OF COUNSEL:

FOR DEFENDANT IRONSHORE SPECIALTY INSURANCE COMPANY:

KAUFMAN BORGEEST & RYAN LLP
BY: BRIAN MARGOLIES, ESQ.
200 SUMMIT LAKE DRIVE
1ST FLOOR
VALHALLA, NEW YORK 10595
(914) 449-100
bmargolies@kbrlaw.com

Also Present: BRIAN KIELHACK, VIDEOGRAPHER

I N D E X


| WITNESS | PAGE |
| --- | --- |
| STELLA CHEN | |
| MS. LIMBER | 7 |
| MR. MARGOLIES | 144 |
| MR. JACKSON | 151 |


E X H I B I T S


| NUMBER | DESCRIPTION | PAGE |
| --- | --- | --- |
| Ex. 126 | - Defendant AIG Specialty Insurance Company's Notice of Deposition of Stella Chen. | 10 |
| Ex. 127 | - Plaintiff Cedars-Sinai Medical Center's Responses to Defendant Ironshore Specialty Insurance Company's Interrogatories to Plaintiff, set one. | 19 |
| Ex. 128 | - Plaintiff Cedars-Sinai Medical Center's Supplemental Responses to Defendant AIG Specialty Insurance Company's Interrogatories to Plaintiff, set two. | 22 |
| Ex. 129 | - Relief Effort - Status as of 4/15/2020. | 72 |
| Ex. 130 | - E-mail thread ending May 20, 2020 to Group Kronos Editors from Anna Bowman, subject: Covid-19 cost tracking FAQ #5. | 93 |
| Ex. 131 | - Covid-19 expense tracking FAQ #5 - 5/20/20. | 105 |
| Ex. 132 | - E-mail dated 1/27/21 to Group CSHS | 112 |

| | | |
|---|---|---|
| | Management w MDN from Cedars Sinai, subject: Leader town hall today, ERB FAQs, helpful lins and more. | |
| Ex. 133 | - Cedars Sinai donation website. | 132 |
| Ex. 134 | - Cedars-Sinai crisis care FAQ. | 140 |

PREVIOUSLY MARKED EXHIBITS

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Ex. 59 | - Plaintiff Cedars-Sinai Medical Center's Initial Disclosures. | 17 |
| Ex. 15 | - Draft work paper of cost tracking spreadsheet. | 47 |
| Ex. 60 | - E-mail thread ending July 20, 2020 to multiple people from Leticia Carranza, subject: RE: meeting request: FW: CSHS business interruption insurance. | 49 |
| Ex. 61 | - Agenda for meeting dated July 29, 2020 titled CSHS business interruption insurance. | 54 |
| Ex. 48 | - Expert witness report dated March 17, 2025 from Benjamin J. Darrah, CPA. | 125 |
| Ex. 62 | - Cedars-Sinai Marina Hospital - expense master 1/1/20 to 4/30/23. | 128 |
| Ex. 63 | - Cedars-Sinai Medical Center - expense master 1/1/20 to 4/30/23. | 128 |

LOS ANGELES, CALIFORNIA; TUESDAY, JUNE 16, 2026
10:01 A.M.
* * *

VIDEOGRAPHER: This is Tape Number 1 to the videotaped deposition of Stella Chen in the matter of Cedars-Sinai Medical Center versus AIG Specialty Insurance Company and Ironshore Specialty Insurance Company, being heard before the United States District Court, Central District of California, case file number 224CV02543SRMRAO.

This deposition is being held at Denton, LLP in Los Angeles, California 90017 on June 16th, 2026, at 10:01 a.m.

My name is Brian Kielhack and I will be your videographer for today. Our court reporter is Leesa Durrant.

Counsel at this time, will you introduce yourselves for the record and whom you represent.

MS. LIMBER: Natalie Limber on behalf of defendant, AIG Specialty Insurance Company.

MR. JAFFE: Dominick Jaffe also on behalf of AIG.

MS. ANDERSON: Leanna Anderson.

MS. JACKSON: Kirsten Jackson, Pillsbury Winthrop Shaw Pittman, on behalf of Cedars-Sinai.

MR. MARGOLIES: Brian Margolies on behalf of Kaufman, Borgeest & Ryan on behalf of co-defendant, Ironshore Specialty Insurance Company.

VIDEOGRAPHER: At this time will our court reporter please introduce themselves for the record and swear in our witness.

REPORTER: My name is Leesa Durrant, Certified Shorthand Reporter, License Number 11899.

STELLA CHEN,
having been first duly sworn,
testified as follows:

EXAMINATION

BY MS. LIMBER:

Q Will you please state and spell your name for the record, please?

A Sure. My full name is Xingtong Stella Chen, X-i-n-g-t-o-n-g, S-t-e-l-l-a, C-h-e-n.

Q Is it okay for today if I call you Ms. Chen --

A I go by Stella --

Q I'll ask it again. Is it okay for today if I refer to you as Ms. Chen or Stella?

A Yes.

Q Have you ever given a deposition before?

A It was the business interruption insurance.
Q And is that -- you previously said that that was under the property policy; is that right?
A I believe so.
Q What costs were being tracked -- strike that.
At the time that you asked Jonathan's team to track costs for government funding and the business interruption coverage under the property policy, were you aware of the pollution policy?
A I don't remember.
Q Do you know when you became aware of the pollution policy?
MS. JACKSON: Objection. Asked and answered.
THE WITNESS: Sometime in 2020. I don't remember when exactly.
BY MS. LIMBER:
Q Did you tell Jonathan or his team that the cost-tracking spreadsheet was for government funding?
A No.
Q What did you tell Jonathan or his team about the purpose of the cost tracking?
A I told the team there will be some potential funding through the government programs and our insurance program that's -- please start tracking both extra -- extra expenses and lost revenue.

Q Did you tell Jonathan or his team what type of insurance program?
A No.
Q You told them to start tracking extra expenses and lost revenue?
A Correct.
Q Did you tell them to track cleanup costs?
MS. JACKSON: Objection. Calls for a legal conclusion and policy interpretation.
You may answer.
THE WITNESS: I think cleanup costs was included in one of the category that we tracked.
BY MS. LIMBER:
Q Okay.
MR. MARGOLIES: Can I have that answer repeated?
(The record was read.)
MR. MARGOLIES: Thank you.
BY MS. LIMBER:
Q Did you tell Jonathan or his team what categories to track?
A Yes.
Q What categories did you tell Jonathan or his team to track?
A I don't remember the whole list, but some

examples are PPE, cleanup costs, screening cost, temporary labor cost. Yeah, these are the examples I remember.

Q Okay. So you gave them some examples of costs that they were supposed to track; is that what I'm hearing?

A Yes.

Q Was there -- before you gave them examples -- strike that.

How were they supposed to tell the difference between an extra expense and a regular expense?

MS. JACKSON: Objection. Calls for a legal conclusion.

THE WITNESS: We look at our cost for before COVID, like what normal costs would be before COVID, and we compare the cost we incur. The difference is what -- what we're tracking.

BY MS. LIMBER:

Q Okay.

A Or any new cost that we never had, like the gloves, the -- you know, the -- the N95 masks, we didn't have those type of costs before, so those are what we were tracking.

Q So you gave them some examples of categories and then also said, look at costs that have increased

STATE OF CALIFORNIA )
) SS.
COUNTY OF LOS ANGELES

I, LEESA DURRANT, C.S.R. NO. 11899, RPR, in and for the State of California, do hereby certify:

That prior to being examined, the witness named in the foregoing deposition was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said deposition was taken down by me in shorthand at the time and place therein named and thereafter transcribed under my direction, and the same is a true, correct, and complete transcript of said proceedings;

That if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript ( ) was ( ) was not required.

I further certify that I am not interested in the event of the action.

Witness my hand this 24th day of June, 2026.

LEESA DURRANT, C.S.R. NO. 11899, RPR